UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>1.   **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*;<br>2.   **FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a),**<br>3.   **MASSACHUSETTS CONSUMER PROTECTION LAW, Mass. Gen. Laws ch. 93A, §1-11** |

Plaintiff John Baker ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful debt collection practices, and violation of bankruptcy discharge, engaged in by Defendant Nationstar Mortgage LLC D/B/A Mr. Cooper, (hereinafter referred to as "Mr. Cooper" or "Defendant").

## INTRODUCTION

Count I of Plaintiff's Complaint is based on violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, against Mr. Cooper and their agents for their unlawful debt collection practices against Plaintiff.

Count II of Plaintiffs' Complaint is based on violations of the Federal Rules of Bankruptcy, 11 U.S. Code §524(a), against Mr. Cooper and their agents for their

unlawful collection practices during and after Plaintiff received a Chapter 7 Bankruptcy Discharge.

Count III of Plaintiff's Complaint is based on violations of the Massachusetts Consumer Protection Law (MCPL), Mass. Gen. Laws ch. 93A, §§1-11, and regulations adopted by the Massachusetts attorney general thereunder, against Mr. Cooper and their agents for their communication of false and misleading information concerning a debt – including its character, extent and amount – and debt collection about Plaintiff, disgracing Plaintiff.

## VENUE AND JURISDICTION

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d), and 28 U.S.C. §1367(a).
2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.
3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person who resides in Bristol County, Massachusetts.
5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692.
6. Defendant, Mr. Cooper, is a debt collector as defined by the FDCPA, 15 U.S.C. 1692A(6) with a principle place of business at 8950 Cypress Waters Blvd. Coppell,

TX 75019. The purpose of Mr. Cooper's business in this case is the collection of a defaulted consumer mortgage debt that was previously discharged in bankruptcy.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

8. On or about May 2008, Plaintiff defaulted on his mortgage while the loan was being serviced by Aurora Loan Services LLC.

9. Sometime after the Plaintitff's initial default, the loan was transferred to Defendant.

10. On or about June 4, 2021, Plaintiff filed a Chapter 7 bankruptcy in the United States Bankruptcy, District of Massachusetts as case #12-14851 and received a Chapter 7 discharge on September 11, 2012, discharging his debts.

11. On or about January 2020, Plaintiff contacted The Law Office of Attorney Nick Yousif to assist in applying for a loan modification.

12. On or about January 31, 2020, The Law Office of Attorney Nick Yousif was informed by a representative from Mr. Cooper that the loan modification package was complete and under review.

13. On or about February 14, 2020, Mr. Cooper informed The Law Office of Attorney Nick Yousif that the loan modification package was pending rejection.

14. On or about February 2020, Plaintiff and Plaintiff's counsel received a denial letter from Mr. Cooper informing them that Plainitiff was denied for a loan modification but was "conditionally approved" for a short sale.

15. On or about February 28, 2020, Plaintiff faxed an appeal to the loan modification denial in hopes of being reevaluated for a loan modification.

16. On or about March 6, 2020, Defendant informed Plaintiff's counsel that the loan modification appeal was denied.

17. On or about April 30, 2020, Plaintiff listed the property for sale to pursue a short sale.

18. On or about August 4, 2020, Plaintiff's counsel faxed an offer to Defendant to pursue a short sale.

19. On or about August 5, 2020 an agent of Defendant confirmed receipt of the documents.

20. On or about August 6, 2020, an agent of Defendant informed Plaintiff's counsel that the short sale process needs to be initiated through a website called Equator.

21. Plaintiff's counsel was told this Equator initiation could take about one week.

22. On or about August 19, 2020, Plaintiff's counsel re-initiated the short sale process on Equator after not receiving a confirmation.

23. On or about August 21, 2020, Plaintiff's counsel contacted Mr. Cooper inquiring as to why the process was not initiating on Equator.

24. On or about August 26, 2020, Plaintiff's counsel got a notification that the short sale was initiated on Equator and uploaded the required short sale documents.

25. On or about August 28, 2020, Plaintiff's counsel was notified that the Plaintiff would have to sign and return documents allowing the property to be listed on an auction site called "Xome".

26. Upon information and belief, Xome has the same mailing address as Mr. Cooper.

27. On or about September 23, 2020, Plaintiff uploaded the required "Xome" documents.

28. On or about October 13, 2020, an appraiser contacted Plaintiff's counsel to schedule an appraisal of the property.

29. On or about October 14, 2020, Mr. Cooper notified Plaintiff's counsel that Mr. Cooper would need to conduct 1 appraisal on the property and the appraisal would be valid for 6 months to verify the submitted offer.

30. On or about November 11, 2020, Mr. Cooper notified Plaintiff's counsel that the appraisal was received.

31. On or about November 11, 2020, Plaintiff's counsel was contacted by another appraiser, Paul Slazas, stating that he needed to complete an appraisal on the Plaintiff's property.

32. On or about December 2, 2020 and December 11, 2020, Plaintiff's counsel re-submitted the offer and supporting documents via Equator as the documents previously expired.

33. On or about December 28, 2020, Mr. Cooper notified Plaintiff's counsel that the file would need to be submitted to the PMI Carrier for review and the expected response time was the first or second week of January.

34. On or about February 8, 2021, Mr. Cooper notified Plaintiff's counsel via email that "The short sale was denied as we could not come to any kind of terms with the Mortgage Insurance, besides a full payoff of what is due to the investor. The mortgage insurance would not approve a short sale. A short sale is not an option for this property."

35. On or about February 22, 2021, Plaintiff faxed an appeal of the short sale denial to Mr. Cooper.

36. Upon information and belief, Mr. Cooper received Plaintiff's appeal.

37. On or about April 30, 2021, Plaintiff's counsel mailed a demand letter to Mr. Cooper.

38. On or about July 16, 2021, Attorney David W. Merritt of Bernkopf Goodman LLP responded to Plaintiff's counsel's demand letter.

## COUNT I
## Violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

39. Plaintiff incorporates by reference paragraphs one (1) to thirty-eight (38) of this Complaint as though fully stated herein.

40. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) provides that there is evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

41. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly … permitted by law.

42. Mr. Cooper violated 15 U.S.C. § 1692f by attempting to collect on a debt from the Plaintiff after he received a bankruptcy discharge when an agent of Mr. Cooper, said "The short sale was denied as we could not come to any kind of terms with the Mortgage insurance, besides a full payoff of what is due to the investor.

43. Mr. Cooper violated 15 U.S.C. § 1692f by inducing Plaintiff to apply for a short sale by telling him he was "conditionally approved" for a short sale and later telling Plaintiff's counsel that "A short sale is not an option for this property".

44. Mr. Cooper violated 15 U.S.C. § 1692f by inducing Plaintiff to continually submit personal, financial information in hopes of obtaining a short sale, to later be told that "A short sale is not an option for this property."

45. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §1692k(a)(3).

## COUNT II
## DEFENDANTS MR. COOPER VIOLATED THE FEDERAL RULES OF BANKRUPTCY 11 U.S. Code §362(a) & §524(a),

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth.

47. 11 U.S.C. § 362(a) of the Bankruptcy Code provides that a petition filed under section 301, 302, or 202 of this title... operates as a stay, applicable to all entities, of -

(1) the commencement or continuation, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

48. 11 U.S.C. § 524(a) provides that a discharge in a case under this title-

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not such discharge of such debt is waived.

operates as an injunction against the commencement or continuation of an action... to collect, recover, or offset any such debts as a personal liability of the debtor, whether or not discharge of such debt is waived.

(2) Mr. Cooper violated 11 U.S.C. § 524 by demanding a "full payoff of what is due to the investor" without reference to the fact that the Plaintiff's obligation under the mortgage had been previously discharged through a bankruptcy discharge.

49. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damage,, and harm to Plaintiff, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages.

## COUNT III
### Violations of the MCPL, Mass. Gen. Laws ch. 93A, §§1-11, and Mass. Code Regs. 7.00 *et seq*.

50. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein.

51. Massachusetts General Law, Chapter 93A §2(a) makes unlawful, unfair or deceptive acts or practices in the conduct of any trade or commerce. §2(c) authorizes the attorney general to make rules and regulations interpreting §2(a). The attorney general has interpreted §2(a) as encompassing the following acts or practices (940 Mass. Code Regs. 7.07):

   a. "Any knowingly false or misleading representation in any communication as to the character, extent or amount of the debt..." 7.07(2).

    b. "Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 7.07(8).

    c. "Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor." 7.07(10).

    d. "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including without limitation, the failure to communicate that a disputed debt is disputed." 7.07(11).

58. Mr. Cooper violated Massachusetts General Law, Chapter 93A by engaging in deceptive debt collection practices on a debt previously discharged in bankruptcy.

59. Mr. Cooper violated Massachusetts General Law, Chapter 93A inducing Plaintiff to submit personal financial documents in hopes of obtaining a short sale that the Plaintiff was previously "conditionally approved" for, when it knew or should have known that a short sale was not an option on the property.

60. Mr. Cooper violated Massachusetts General Law, Chapter 93A when it knew or should have known the loan did not qualify for a short sale and waited roughly six (6) months after receiving the initial short sale offer from Plaintiff's counsel before notifying Plaintiff's counsel that the property was not eligible for a short sale.

61. Mr. Cooper's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Mr. Cooper are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, we well as other such relief, permitted by Mass. Gen. Laws ch. 93A §9.

62. As a result of the above-described violations Plaintiff has sustained damages including emotional distress, and mental and physical pain.

63. Mr. Cooper's violations of the MCPL was willful or knowing and therefore Plaintiff is entitled to seek three times their actual damages under Mass. Gen. Laws ch. 93A §9(3).

## JURY DEMAND

64. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FDCPA, 11 U.S.C. 362 & 524(a), and MCPL, Mass. Gen. Laws. ch. 93A, §§1-11, and Mass. Code Regs. 7.00,

B. Actual, Statutory, and Punitive damages against Defendants pursuant to 15 U.S.C. §1692.

C. Actual damages against Defendants pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(1);

D. Statutory damages against Defendants pursuant to Mass. Gen. Laws ch. 93A §9(3);

E. Punitive damages against Defendants pursuant to Mass. Gen. Laws ch. 93 §63, ch. 93A §9(3);

F. Costs and reasonable attorney's fees against Defendants pursuant to Mass. Gen. Laws ch. 93 §§63, 64, ch. 93A §9(4);

G. Any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Court deems appropriate.

        RESPECTFULLY SUBMITTED,
**THE LAW OFFICE OF ATTORNEY NICK YOUSIF**

Dated: October 7, 2021    By: */s/ Nicola Yousif*
Nicola Yousif, Esq. (MA#679545)
157 Belmont St.
Brockton, MA 02301
Telephone: (508) 588-7300
E-Mail: nick@yousiflaw.com
*Attorney for Plaintiff,*
*John Baker*