UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN BAKER, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 21-11639-FDS |
| v. | ) ) | |
| NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, and DOES 1 TO 10, inclusive, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(d)

This is an action arising out of the denial of a request for a short sale of a non-residential property. Plaintiff John Baker filed this suit against his mortgage servicer, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"). In 2012, Baker filed for Chapter 7 bankruptcy and received a discharge from the Bankruptcy Court. In 2020, he applied for a loan modification. Mr. Cooper denied the application, but conditionally approved him for a short sale. After multiple communications concerning the documentation required for final approval of the short sale, Mr. Cooper informed Baker that the request for a short sale was denied.

The complaint alleges that Mr. Cooper used the communications concerning a short sale in an illegal attempt to collect on the mortgage loan. The complaint asserts three claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) violation of the discharge provisions of the Bankruptcy Code, 11 U.S.C. § 524(a); and (3) violation of the Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A, §§ 1-11.[1]

---

[1] Plaintiff voluntarily dismissed Count II as it related to 11 U.S.C. § 362(a).

Mr. Cooper has moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

In connection with the motion to dismiss, both sides have filed affidavits and exhibits. However, "[u]nder Rule 12(b)(6), [a] district court may properly consider only facts and documents that are part of or incorporated into the complaint." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). It is within a court's discretion to convert a motion to dismiss into a motion for summary judgment and consider materials outside the pleadings. *Id.* Before converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Alternatively, a court can "ignore the supplemental materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard." *Trans-Spec Truck Serv., Inc.*, 524 F.3d at 321.

Here, it appears that the affidavits and exhibits in question will assist the Court in deciding the underlying legal issues. Accordingly, the parties are hereby notified pursuant to Fed. R. Civ. P. 12(d) that the motion to dismiss will be converted into a motion for summary judgment. The record shall consist of (1) the affidavits and exhibits that have been submitted to date by the parties and (2) any additional affidavits or exhibits that the parties may choose to submit by August 16, 2022.

**So Ordered.**

Dated: July 26, 2022

s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court